IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALONZO RANDLE, # R-02597, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-1009-JPG |
| | ) |
| LT. CORBIT, PINCKNEYVILLE C.C., | ) |
| MAJOR MALCON, UNKNOWN PARTIES, | ) |
| NURSE TINA, and C/O HAGGARD, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is serving a six-year sentence for burglary.  He claims that he was subjected to excessive force and then denied medical attention.

Plaintiff filed his original complaint (Doc. 1) pursuant to § 1983 on September 30, 2013. He next submitted a two-page grievance form on October 1, 2013, which was filed as a "Supplement" (exhibit) to the original complaint (Doc. 7).  Then on October 3, 2013, Plaintiff submitted another complaint form, which the Court construed as a motion to amend his original complaint (Doc. 8).  This document has now been filed as Plaintiff's First Amended Complaint (Doc. 15).  The First Amended Complaint has superseded and replaced the original complaint, rendering the original complaint and its related exhibits void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  Thus, the Court shall consider only the allegations in the First Amended Complaint (Doc. 15) in its merits review, and the factual

summary below is drawn from that document only.

On the first page of the First Amended Complaint, Plaintiff indicates that he brings his claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. As Defendants, Plaintiff lists Lt. Corbit, "HCU," Major Malcom,[1] Warden Goetting, and Lt. Lawless. This document does not include a distinct statement of claim. However, after listing the Defendants, Plaintiff states:

> Lt. Lawless helped me to HCU 5 days later. . . . The two other defendants along with Lt. Corbit, did not give me any medical attention after Lt. Corbit slammed me into the wall head first, and their names are listed Major Malcom and Warden Goetting (Doc. 15, p. 2).[2]

Plaintiff also mentions Defendant Corbit in the "Grievance Procedure" section of his complaint. He states that after he filed a grievance, Defendant Corbit "threaten[ed] me to force me in a cell with two adversaries of different religions" (Doc. 15, p. 4).

Plaintiff does not include any request for relief in the complaint (Doc. 15, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

The factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Further, courts should "look to the substance of the filing rather than its label" when analyzing a document filed by a *pro se* litigant. *U.S. v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004). Accordingly, in spite of the fact

---

[1] Plaintiff spelled this Defendant's name as "Malcon" in the original complaint; he now spells it as "Malcom." The Clerk shall be directed to change the spelling.

[2] Plaintiff's handwriting is very difficult to read; the Court has reproduced Plaintiff's words and spelling of the Defendants' names as accurately as possible.

that Plaintiff checked the box marked "Civil Complaint pursuant to the Federal Tort Claims Act" on his First Amended Complaint (Doc. 15, p. 1), the Court shall construe this action as a civil rights case.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Corbit for excessive force, for the act of slamming Plaintiff's head into a wall **(Count 1)**. His claim of deliberate indifference to medical needs against Defendants Corbit, Malcom, and Goetting, who allegedly denied Plaintiff medical attention after this incident **(Count 2)** shall also receive further review.

However, Plaintiff fails to state an actionable claim against Defendant Corbit for threatening to place him in a cell with "adversaries" **(Count 3)**. Nor does he state a claim pursuant to the Federal Tort Claims Act **(Count 4)**. Those claims shall be dismissed. Further, Defendants Lawless and "HCU" shall also be dismissed from the action. Finally, the First Amended Complaint fails to mention several Defendants who were listed in the original complaint: Pinckneyville C.C., Nurse Tina, C/O Haggard, the Unknown Party IDOC Medical Staff, and the Unknown Party IDOC Correctional Officers. They shall also be dismissed.

**Dismissal of Count 3**

A prison official may not retaliate against an inmate for protected activity such as pursuing a grievance. *See Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). However, Plaintiff describes only a threat of possible retaliation by Defendant Corbit (to house Plaintiff with his "adversaries"). There is no indication that this threat was carried out, thus, Plaintiff did not experience any *act* of retaliation. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (identifying the protected activity and the act of retaliation is all that is necessary to state a claim of improper retaliation). Verbal harassment

alone does not violate the Constitution. *DeWalt v. Carter* 224 F.3d 607, 612 (7th Cir. 2000). Count 3 shall thus be dismissed without prejudice.

**Dismissal of Count 4**

The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. All of the Defendants herein are either state prison officials or other state entities. No federal officials are named. Therefore, Plaintiff's claim does not fall within the jurisdiction of the FTCA. Count 4 shall be dismissed with prejudice.

**Dismissal of Defendants Lawless and HCU**

Plaintiff does not describe any actions taken by Defendant Lawless that might violate his constitutional rights. Instead, he says that Defendant Lawless helped him to the HCU (Health Care Unit) five days after the excessive force incident. Defendant Lawless shall be dismissed from the action without prejudice.

The "HCU" is a department within the prison, and is not an entity that may be sued in a civil rights action. An inmate cannot sue the Illinois Department of Corrections for damages, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Likewise, the Pinckneyville Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See*

*Will*, 491 U.S. at 71. The same holds true for the internal departments within a prison, such as the HCU. Therefore, Defendant HCU shall be dismissed with prejudice.

**Dismissal of Defendants Pinckneyville C.C., Tina, Haggard, and Unknown Parties**

Plaintiff included these Defendants as parties when he filed his original complaint (Doc. 1). However, he omitted any mention of them from the First Amended Complaint (Doc. 15). Therefore, he has abandoned his claims against these Defendants, and they shall be dismissed from the action. For the reasons discussed in connection with Defendant HCU, Defendant Pinckneyville C.C. shall be dismissed with prejudice. The dismissal of Defendants Tina, Haggard, and the Unknown Party Defendants shall be without prejudice.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Frazier for further consideration.

The motion for service of process at government expense (Doc. 4) shall be **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below on those Defendants who remain in the action. No service shall be made on the dismissed Defendants.

**Disposition**

The Clerk is **DIRECTED** to change the spelling of Defendant **MALCON** to **MALCOM**, and to add **WARDEN GOETTING** and **LT. LAWLESS** as party Defendants.

**COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNT 4** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendants **LAWLESS, TINA, HAGGARD,** and **UNKNOWN PARTIES** are **DISMISSED** from this action without prejudice. Defendants **HCU** and **PINCKNEYVILLE C.C.** are **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **CORBIT, MALCOM,** and **WARDEN GOETTING**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 25, 2013**

*s/ J. Phil Gilbert*
United States District Judge
