### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALONZO RANDLE, R02597, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  3:13-cv-01009-SMY-PMF |
| | ) | |
| LT. CORBITT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

Before the Court is the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants (Doc. 43).  Plaintiff did not file a response.  For the following reasons, Defendants' Motion is GRANTED.

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 on September 30, 2013 claiming that various Illinois Department of Correction ("IDOC") Employees violated his constitutional rights. The plaintiff filed an amended complaint on October 24, 2013 (Doc. 15).  In the 28 U.S.C. § 1915A merits review (Doc. 16), Judge Gilbert held that Plaintiff's amended complaint articulated a colorable Eighth Amendment excessive force claim against defendant Corbitt (Count 1), and a colorable Eighth Amendment deliberate indifference to medical needs claim against Defendants Corbitt, Malcom, and Goetting (Count 2).

Plaintiff filed his original Complaint on September 30, 2013, an Amended Complaint on October 24, 2013 and a Second Amended Complaint on August 11, 2014.  All three filings describe the same incident. Pursuant to the Prison Litigation Reform Act, Plaintiff must have

1

exhausted available administrative remedies before filing his October 24, 2013 original complaint.  42 U.S.C. § 1997e(a).

Plaintiff is an inmate at Pinckneyville Correctional Center ("Pinckneyville") and the incidents that give rise to this litigation occurred at that facility. According to Plaintiff's Second Amended Complaint, the facts are as follows:  On May 18, 2013 Plaintiff was involved in a verbal dispute with Pinckneyville IDOC staff regarding a television remote control. After the incident, Plaintiff was taken to his cell. Shortly thereafter, Plaintiff was arranged to be placed in the segregation unit as punishment for the remote control dispute. As Defendant Corbitt was leading Plaintiff to the segregation unit, Corbitt slammed Plaintiff's head against a wall. Corbitt's actions injured Plaintiff, and Defendants failed to provide medical assistance. Because Plaintiff was not receiving medical assistant in the segregation unit, on May 21, 2014 at approximately 10:00 A.M. Plaintiff attempted to overdose on his anti-seizure medication (Dilantin). At 4:00 P.M. that afternoon he was taken to the Pinckneyville Community Hospital emergency room.   Plaintiff was treated at the ER and he returned to Pinckneyville at approximately 11:15 P.M. that evening.

On May 30, 2013 Plaintiff filed a grievance regarding the incident. His grievance was denied at the institutional level and Plaintiff properly appealed the grievance to the IDOC Administrative Review Board ("ARB"). The ARB received the grievance on July 17, 2013, and issued a ruling over eight months later on March 27, 2014. While the May 30 grievance was pending before the ARB, on July 25, 2013 Plaintiff filed another grievance concerning Defendants at Pinckneyville. The July 25 grievance was received by the ARB on September 16, 2013, but the appeal was rejected because Plaintiff did not attach the Warden's response. The ARB rejection letter is dated October 1, 2013; one day after the plaintiff filed his original

complaint.   Defendants now seek summary judgment and argue that Plaintiff failed to exhaust administrative remedies before filing suit.

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. §1997e(a).   That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. (emphasis added).   The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement.   *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that '[t]his circuit has taken a strict compliance approach to exhaustion").   Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).   Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending.   *Id.*   Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005).   Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809.

Put another way, exhaustion is a condition precedent to filing a claim in federal court, so the inmate must exhaust before he commences his federal litigation.   *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004); *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002);   *Perez v. Wisconsin Department of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).   If the inmate fails to exhaust before filing suit in federal court, the district court must dismiss the suit (or dismiss any claims not fully exhausted).   *See Jones v. Bock,* 549 U.S. 199, 223 (2007);   *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).   Although *dismissal* is the procedural step the district court takes if a

plaintiff failed to exhaust prior to filing suit, the issue of exhaustion most often is raised via summary judgment motion, so that the Court can consider evidence "outside the pleadings," such as affidavits, grievances, responses, appeals, and related documentation.  *See* Fed. R. Civ. P. 12(d); 56.

Exhaustion-based dismissals are made without prejudice.  *Burrell,* 431 F.3d at 285, *citing Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice…"), and *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("*all* dismissals under § 1997e(a) should be without prejudice").  Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials."  *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006).   Here, the Defendants bear the burden of demonstrating that Plaintiff Garmon failed to exhaust all available administrative remedies before he filed this suit.  *See Kaba*, 458 F.3d at 681, citing *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Summary judgment will be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The reviewing court must construe the evidence in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

As an inmate confined within the Illinois Department of Corrections, Plaintiff was required to follow the regulations contained in the Illinois Department of Correction's Grievance Procedures for Offenders ("grievance procedures") to properly exhaust his claims, per a three-step administrative process. 20 ILL. ADMIN. CODE § 504.800 *et seq*.   The grievance procedures first require inmates to speak with the counselor about their complaint.  20 ILL. ADMIN. CODE § 504.810(a).  Then, if the counselor does not resolve the issue, the inmate must

file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id.* "The Grievance Officer shall [then] consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer...[who]shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances." 20 ILL. ADMIN. CODE § 504.830(d).

If the inmate is not satisfied with the Chief Administrative Officer's response, the third and final step is to file an appeal with the Director through the ARB. The grievance procedures specifically state, "[i]f after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision.   Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached." 20 ILL. ADMIN. CODE § 504.850(a).   "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." 20 ILL. ADMIN. CODE § 504.850(e).   "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." 20 ILL. ADMIN. CODE § 504.850(f).

All Defendants in this matter contend that Plaintiff failed to exhaust his administrative remedies before filing suit. Pursuant to IDOC regulations, the ARB is entitled to at least six months to respond to a grievance appeal. The ARB received Plaintiff's May 30, 2013 grievance on July 17, 2013.   Plaintiff should have allowed the ARB until at least late January 2014 to respond to his appeal.   Instead, Plaintiff filed suit on September 30, 2013; well before the six month period had lapsed.   Thus, Plaintiff's suit was premature. It should be noted that the ARB

5

did respond to the plaintiff's July 25, 2013 grievance on October 1, 2013. However, the ARB response was merely a notification telling the plaintiff to resubmit the grievance with the proper paperwork, and not a final ruling. Thus, Plaintiff failed to properly exhaust available administrative remedies before filing.[1]

The Court notes that it does not condone the ARB's dilatory conduct in responding to Plaintiff's retaliation grievance. IDOC regulations state that the ARB must respond to a grievance within six months unless it is not reasonably feasible under the circumstances to do so. The Court is unaware of any special circumstances as to why the ARB needed eight months to reply to Plaintiff's grievance. However, the point is moot.  Plaintiff was required to give the ARB at least six months to respond to his grievance before filing suit, and he failed to do so.

For the foregoing reasons, the defendant's motion for summary judgment is GRANTED and this case is dismissed without prejudice.


**IT IS SO ORDERED.**

**DATE: February 18, 2015**

s/   *Staci M. Yandle*
**STACI M. YANDLE**
**DISTRICT COURT JUDGE**

---

[1] Because the parties' pleadings did not present any genuine disputes of material fact, the Court declined to hold a *Pavey* evidentiary hearing. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).