IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALONZO RANDLE, R02597, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  3:13-cv-01009-SMY-PMF |
| ) | |
| LT. CORBITT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court are Plaintiff's Motion for Relief from Judgment or Order (Doc. 60) and Motion for Reconsideration (Doc. 61).  The motions are DENIED.

Plaintiff, a former inmate of Pinckneyville and Lawrence Correctional Centers, alleged mistreatment by correctional officers and a denial of medical attention during his incarceration at Pinckneyville Correctional Center.  Defendants filed a Motion for Summary Judgment (Doc. 43) and contended that Plaintiff had not exhausted his administrative remedies as required by the Prison Litigation Reform Act.  Plaintiff did not oppose Defendants' motion.  Accordingly, the Court granted summary judgment in favor of Defendants and dismissed the case without prejudice (Doc. 58).

Plaintiff now seeks reconsideration and relief from the Court's order dismissing the case. Essentially, Plaintiff has requested his case be reopened and counsel recruited.  In support of this request, Plaintiff argues that he was not required to do anything more after his emergency grievance was rejected by the warden at Pinckneyville in June, 2013.  Plaintiff also requests the Court sanction Defendants for misleading the Court on the issue of exhaustion.

Motions seeking reconsideration serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). As no new evidence has been presented and no manifest error of fact has been contended, the Court will limit its review of the Order at Doc. 58 to a determination of whether the Court's application of the PLRA and emergency grievance procedure represents a manifest error of law.

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. §1997e(a). That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. (emphasis added). The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that '[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.* Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005).

If the inmate fails to exhaust before filing suit in federal court, the district court must dismiss the suit (or dismiss any claims not fully exhausted). *See Jones v. Bock,* 549 U.S. 199, 223 (2007); *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005). Exhaustion-based dismissals are made without prejudice. *Burrell,* 431 F.3d at 285, *citing Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice…"), and

*Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("*all* dismissals under § 1997e(a) should be without prejudice").

As an inmate confined within the Illinois Department of Corrections, Plaintiff was required to follow the regulations contained in the Illinois Department of Correction's Grievance Procedures for Offenders ("grievance procedures") to properly exhaust his claims through a three-step administrative process. 20 ILL. ADMIN. CODE § 504.800 *et seq*. The grievance procedures first require inmates to speak with the counselor about their complaint. 20 ILL. ADMIN. CODE § 504.810(a). Then, if the counselor does not resolve the issue, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id.* "The Grievance Officer shall [then] consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer...[who]shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances." 20 ILL. ADMIN. CODE § 504.830(d).

If the inmate is not satisfied with the Chief Administrative Officer's response, the third and final step is to file an appeal with the Director through the ARB. The grievance procedures specifically state, "[i]f after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached." 20 ILL. ADMIN. CODE § 504.850(a). "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." 20 ILL. ADMIN. CODE § 504.850(e). "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months

after receipt of the appealed grievance, where reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." 20 ILL. ADMIN. CODE § 504.850(f).

Here, Plaintiff cites *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) to support his contention that he was not required to complete the three-stage grievance process once his emergency grievance was rejected. In *Thornton*, the Seventh Circuit stated "[t]here is nothing in the current regulatory text, however, that requires an inmate to file a new grievance after learning only that it will not be considered on an emergency basis." 428 F.3d at 694. Contrary to Plaintiff's belief, however, *Thornton* does not obviate the three-stage process. Rather, it allows an emergency grievance, upon rejection, to operate as a regular grievance. Further, in *Thornton*, the inmate had received all relief requested in his grievances and sought only money damages. Therefore, the administrative appeal process could offer no relief.

The facts of this case are not analogous to *Thornton*. Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit as he was required to do by statute. Nothing in the record reflects a manifest error of law. Plaintiff's lawsuit was premature and was appropriately dismissed without prejudice. Accordingly, Plaintiff's motions for reconsideration (Docs. 60-61) are **DENIED**.

**IT IS SO ORDERED.**

**DATE: March 2, 2016**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**DISTRICT COURT JUDGE**